## COMMONWEALTH *v.* EASTERN RAILROAD COMPANY.

An indictment on *St.* 1840, *c.* 80, which imposes a fine on any common carrier by whose negligence the life of a passenger is lost, "to be recovered by indictment to the use of the executor or administrator of the deceased person, for the benefit of his widow and heirs," must aver that he left a widow, or heirs, or both, as the case may be; and an averment that the defendant is liable to the fine, "to the use of J. S., who has been duly appointed administrator of said deceased, and the heirs at law of said deceased," is insufficient.

INDICTMENT to recover the fine imposed by *St.* 1840, *c.* 80, for the loss of life of John Henry Cross, of Marblehead, a passenger on their road, by the negligence of the defendants and their servants or agents. The indictment, after particularly setting forth the negligence, and the death of the passenger, concluded by averring "that by reason of the negligence and carelessness aforesaid the said Eastern Railroad Company have become and are liable to the penalty and fine, according to the statute in such case made and provided, to the use of John Sparhawk, Jr. of said Marblehead, who has been duly appointed administrator of said John Henry Cross, and the heirs at law of said John Henry Cross." But it contained no averment that the deceased left a widow or heirs. And the defendants, at the trial in the court of common pleas, objected to the indictment on that ground. But *Hoar*, J. overruled the objection; and the defendants, being found guilty, alleged exceptions to his ruling.

*O. P. Lord & J. W. Perry*, for the defendants.

*S. H. Phillips*, for the Commonwealth. The indictment is sufficient. The defendants have nothing to do with the question who the heirs are, or whether there are any heirs. The *St.* of 1840, *c.* 80, does not make the fine conditional upon the fact of there being a widow or heirs; but declares that any carrier, by whose negligence the life of a passenger shall be lost, shall be liable to a fine to be recovered by indictment; and then adds, merely by way of indicating to whom the fine shall go, "to the use of the executor or administrator of the deceased person, for the benefit

of his widow and heirs," in certain proportions. It has been decided that the indictment need not state the names of those to whom the penalty shall go. *Commonwealth* v. *Boston & Worcester Railroad,* 11 Cush. 512. Nor is it requisite that it should appear on the face of the indictment, that there is any one entitled to the penalty. *Commonwealth* v. *Messenger,* 4 Mass. 465. *Stone* v. *Cottle,* 15 Maine, 473. *Pie* v. *Westley,* Hob. 245.

DEWEY, J. Although the proceedings under *St.* 1840, *c.* 80, assume the form adapted to a criminal offence punishable by indictment, yet it is apparent that a leading object of the statute was to secure some pecuniary provision for the widow and children, or heirs at law. It is true that the statute provides that the fine is to be recovered to the use of the executor or administrator of the deceased person, but it is to be recovered by him for the benefit of the widow and heirs at law.

It could not have been the purpose of this act to levy a fine upon the defendants, to be paid over to an administrator, to be held by him for his own private benefit. But such might be the effect if there was no widow and no heirs at law.

We think the indictment should allege, as a distinct affirmative averment, that the deceased has left a widow and child, or one of these only, as the case may be; and if no widow or child, then that it should be alleged that the deceased left heirs at law, for whose benefit the executor or administrator is to recover the amount of the fine imposed upon the conviction of the party in default, through whose negligence the life of a person who was a passenger has been lost. *Exceptions sustained.*